**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GUANGZHOU LANGZHU CRAFTS CO., LTD., <br><br>    Plaintiff, <br><br> **v.** <br><br> MICHAEL H. DOMESICK, <br> d/b/a ABMILL, <br><br>    Defendant. | **Case No. 26-cv-1283** <br><br> COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 12,616,871 |

**COMPLAINT**

Plaintiff Guangzhou Langzhu Crafts Co., Ltd. ("GLC" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint for declaratory judgment against Defendant Michael H. Domesick, doing business as ABMILL ("Domesick" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq., seeking declarations that (a) Plaintiff's Pilates-board and abdominal-exercise products do not infringe any valid or enforceable claim of United States Patent No. 12,616,871 (the "'871 Patent"), and (b) the claims of the '871 Patent are invalid under 35 U.S.C. §§ 102, 103, and 112.

2. An actual and justiciable controversy of sufficient immediacy and reality exists between GLC and Defendant regarding the noninfringement and invalidity of the '871 Patent. Defendant has affirmatively asserted the '871 Patent against Plaintiff's products through a patent infringement notice they sent to Amazon, which caused six of Plaintiff's Amazon Standard Identification Numbers ("ASINs") to be delisted or otherwise materially restricted, and has thereby

1

directly interfered with, and continues to interfere with, Plaintiff's lawful sale of Pilates and abdominal-exercise products in the United States.

3.    Plaintiff seeks a judicial declaration ending Defendant's baseless assertions, restoring Plaintiff's marketplace access, and awarding the relief set forth below, including a finding that this is an exceptional case under 35 U.S.C. § 285.

## THE PARTIES

4.    Plaintiff Guangzhou Langzhu Crafts Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with a principal place of business in Huadu District, Guangdong Province, China. GLC designs, manufactures, and sells fitness and exercise equipment, including Pilates reformer boards, that are marketed and sold to consumers in the United States through online marketplaces including Amazon.com.

5.    Defendant Michael H. Domesick is an individual doing business as ABMILL® and, on information and belief, resides at 98 Brighton Street, New Britain, Connecticut 06053. Defendant is the named inventor and, on information and belief, the owner of record of the '871 Patent.

6.    On information and belief, Defendant is also a licensed attorney and, at all times relevant to this action, has been personally responsible for prosecuting the applications that issued the '871 Patent and each of the earlier patents in its patent family.

## JURISDICTION AND VENUE

7.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and pursuant to 28 U.S.C. §§ 2201 and 2202, which authorize declaratory relief in cases of actual controversy.

8. This Court has personal jurisdiction over Defendant because Defendant is a natural person who resides in the State of Connecticut, is domiciled in this District, and has directed his patent-enforcement activities including the assertion of the '871 Patent against Plaintiff's products through Amazon's takedown mechanisms from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Venue is likewise proper under 28 U.S.C. § 1400(b) to the extent applicable to declaratory-judgment actions premised on noninfringement and invalidity.

10. An actual case or controversy exists between the parties within the meaning of Article III of the United States Constitution and 28 U.S.C. §§ 2201 and 2202. Defendant has (a) submitted infringement contentions against Plaintiff's products under Amazon's takedown processes, (b) caused at least six of Plaintiff's ASINs to be delisted or otherwise restricted, (c) publicly asserted that Plaintiff's products infringe the '871 Patent, and (d) has neither withdrawn those assertions nor granted a covenant not to sue. Plaintiff has a reasonable apprehension of continuing enforcement activity, and its ongoing sales injuries are traceable directly to Defendant's assertions.

## FACTUAL BACKGROUND

### A. The '871 Patent and Its Patent Family

11. The '871 Patent is entitled "Abdominal Core and Plank Exercise Apparatus." A copy of the '871 Patent is attached as Exhibit B to this complaint. It issued from U.S. Patent Application No. 17/962,047, which was filed on October 7, 2022, and issued on or about May 5, 2026. The '871 Patent names Michael H. Domesick as sole inventor and, on information and belief, is owned by Defendant.

3

12.    The '871 Patent claims priority through a lengthy chain of continuation and continuation-in-part applications extending back to U.S. Provisional Application No. 61/944,154, filed February 25, 2014. The intermediate applications in that chain include the applications that issued as U.S. Patent Nos. 9,895,573 (the "'573 Patent," filed February 25, 2015), 10,173,092 (the "'092 CIP," filed October 13, 2017), 10,286,245 (the "'245 continuation," filed April 23, 2018), and 11,491,364 (the "'364 CIP," filed October 12, 2018).

13.    The parent '573 Patent contains approximately fifteen claims. Through a succession of continuation and continuation-in-part filings, Defendant expanded the claim count at each generation. By the time the application for the '871 Patent was filed, Defendant sought more than 300 claims. The '871 Patent ultimately issued with 162 claims, including 13 independent claims (claims 1, 8, 19, 30, 37, 52, 65, 89, 98, 115, 118, 145, and 156), more than ten times the number of independent claims in the original '573 Patent.

14.    The applications in the '871 patent family share a common written description that centers on a device with (i) left and right independent components, (ii) a convex or curved rocking base that enables side-to-side or fore-and-aft rocking motion, and (iii) a user positioned in a prone plank posture with forearms placed on pads and knees or feet behind the rearmost edge of the frame. That written description does not describe, and does not enable, a single unitary sliding pad, a flat multi-suction-foot base without rocking, or a device on which the user sits or kneels on the board itself, as shown on the face of the '871 Patent:



## B. **Defendant's Prosecution Conduct**

15.    Defendant is an experienced licensed attorney. On information and belief, at all times relevant to this action, Defendant personally prosecuted each application in the '871 patent family.

16.    Over the course of the roughly twelve years between the February 25, 2014 provisional filing and the May 5, 2026 issuance of the '871 Patent, upon information and belief, Defendant observed Pilates- and abdominal-exercise products developed and marketed by competitors, including single-sliding-pad Pilates reformer boards and other Pilates equipment substantially different from the specific rocking, dual-independent-component device disclosed in the '573 Patent. These multi-functional Pilates boards include the Plaintiff's devices, shown below:



17. On information and belief, Defendant filed continuation and continuation-in-part applications, and drafted successive generations of claims, not to protect the specific invention disclosed and enabled in the written description of the '573 Patent and its family, but instead to draft claims tailored to reach competitors' products as they entered the marketplace.

18. This drafting strategy is reflected in objective indicia including: (a) the ten-fold expansion in independent claims between the '573 Patent and the '871 Patent; (b) the addition of new subject matter at each continuation-in-part juncture; (c) the introduction, in the '871 Patent claims, of vocabulary and limitations including "channel or groove," a "linear, flat path of travel," a "constant height," and "constant lateral spacing" that appear nowhere in the specifications of any application in the priority family; and (d) the mid-prosecution replacement of the primary reference relied upon by the U.S. Patent and Trademark Office ("USPTO") to reject the applications, which required Domesick to insert successive iterations of new claim language unsupported by the specification in his efforts to distinguish over the prior art cited by the USPTO.

19. The phrase "channel or groove" appears at least twenty-nine times in the claims of the '871 Patent. That same phrase appears zero times in the written description of the '871 Patent, and zero times in the written descriptions of any earlier application in the '871 priority family. The phrases "linear, flat path of travel" and "constant height" also do not appear in the written description of any application in the family. Claim 156 recites a "constant lateral spacing" between components yet the family specifications teach the opposite, including variable spacing, angled legs, radial adjustment, and divergence of components during use.

20. Defendant's prosecution conduct violates a central tenet of United States patent law: that the claims of a patent must be directed to, supported by the written description of, and enabled by, the invention actually described in the patent's specification. See 35 U.S.C. § 112(a)

and (b). Claims drafted to cover competitors' products, rather than the applicant's own invention, are not, as a matter of law, "part of the invention" disclosed in the specification.

21.     Defendant's pattern of drafting successive claim generations to target competitor products, rather than to protect the invention actually enabled by the family's written description, has produced patent claims that are invalid under 35 U.S.C. § 112 for lack of written description, lack of enablement, and indefiniteness, and that also fail under 35 U.S.C. §§ 102 and 103 in view of prior art overlooked or unknown to the USPTO during prosecution.

### C.  Plaintiff's Pilates-Board Products

22.     Plaintiff sells foldable, multi-purpose Pilates reformer boards through Amazon.com and other online marketplaces under the "VigorEdge" and related brand names.

23.     Plaintiff's accused products fall into two general design categories relevant to this action, shown in the attached Exhibit A to this complaint:

(a)  **One-Sliding-Handle Products ASINs B0GS51LGV5, B0GS52KDNH and B0GS56X42X (the "One-Handle Products").** Each One-Handle Product includes a single unitary sliding pad or platform running along a single central channel on a flat, multi-suction-foot base, together with a single arched hand-grip assembly. In use, the user sits or kneels on the board itself; the user does not adopt a prone plank position with forearms on pads and knees behind the frame.

(b)  **Two-Independently-Sliding-Handle Products ASINs B0G1F72N3T, B0G1GC5D2M and B0G1GH8NCV (the "Two-Handle Product").** The Two-Handle Product includes two independently sliding hand-grip assemblies mounted on a single flat, multi-suction-foot base. Like the One-Handle Products, it is used with the user seated or kneeling on the board; it does not include a convex or curved rocking base, elongated bent

7

arms with grips, or the pyramidal hand grip and longitudinally slotted unitary support-bar architecture introduced in the '871 Patent claims.

24.     Together, the One-Handle Products and the Two-Handle Product are referred to as the "Accused Products." The Accused Products correspond to at least six ASINs on Amazon.com that have been targeted by Defendant, including ASINs B0G1F72N3T, B0G1GC5D2M, and the additional ASINs identified in Defendant's takedown submissions.

### D.  Defendant's Amazon Takedowns and Ongoing Injury to Plaintiff

25.     Beginning in or about 2026, Defendant asserted the '871 Patent against Plaintiff's Accused Products through the Amazon infringement takedown notice process.

26.     As a direct and proximate result of Defendant's assertions, Amazon has delisted, suppressed, or otherwise restricted at least six of Plaintiff's ASINs corresponding to the Accused Products. Plaintiff has suffered, and continues to suffer, substantial and ongoing lost sales, lost profits, lost customer goodwill, loss of Best Seller and search-rank positioning, and other consequential injuries in the United States market. Absent judicial relief, those injuries will continue and increase.

27.     Defendant's assertions of the '871 Patent against the Accused Products are objectively baseless. The Accused Products do not include the specific structural and use-position limitations required by the independent claims of the '871 Patent, and the asserted claims are invalid as set forth below. Defendant, as an experienced licensed attorney who personally prosecuted the '871 Patent and its predecessors, knew or should have known those facts before submitting his takedown assertions.

### COUNT 1

**Declaratory Judgment of Non-Infringement of the '871 Patent**
*(The One-Handle Products)*

28. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

29. An actual case or controversy exists between Plaintiff and Defendant regarding whether Plaintiff's One-Handle Products infringe any claim of the '871 Patent.

30. The '871 Patent has thirteen independent claims: claims 1, 8, 19, 30, 37, 52, 65, 89, 98, 115, 118, 145, and 156. Every asserted infringement theory must trace to one of those independent claims. The One-Handle Products do not infringe, literally or under the doctrine of equivalents, any of those independent claims, nor any claim dependent from any of those independent claims. The following are examples of claim elements not found in Plaintiff's One-Handle Products. These non-infringement explanations are not intended to be exhaustive or limiting.

31. The One-Handle Products lack the "left" and "right" independent components required by claims 1, 8, 19, 30, 37, 52, 65, 89, 98, 115, and 145. Each One-Handle Product uses a single unitary sliding pad or platform traveling in a single central channel, not a pair of independent left and right components.

32. The One-Handle Products lack the convex, curved, or rocking base architecture required by claims 1, 8, 19, 30, and 37. Each One-Handle Product employs a flat frame supported by feet resting on a level surface, and cannot rock side-to-side or fore-and-aft. This limitation is neither literally satisfied nor equivalently satisfied, because a flat multi-suction-foot base is substantially different in structure, way of operation, and result from a rocking base.

33. The One-Handle Products lack the "elongated bent arms with grip" limitation of claims 65, 89, and 115. The single arched hand-grip assembly on each One-Handle Product is a single, unitary handle bar, not a pair of elongated bent arms terminating in separate grips.

34.     The One-Handle Products lack the "left handle" and "right handle" grip portions that are "laterally spaced" from the center line and lacks a "pair of arms support pads" that "move independently" as recited in recited in claim 156 and the associated dependent claims. The One-Handle Products do not use left and right handle structures or a pair of arm support pads disclosed in claim 156's alleged embodiment.

35.     The One-Handle Products fail the "user position" limitations recited or implicit in every independent claim of the '871 Patent. The '871 Patent claims and specification consistently describe use of the apparatus in a prone plank position, with the user's forearms on left and right pads and the user's knees or feet located behind the rearmost edge of the frame. In actual use, the One-Handle Products are used with the user seated or kneeling on the board itself. The user's knees and feet are on the frame, not behind it, and the user does not adopt the prone plank position required by the claims.

36.     The One-Handle Products lack a "channel or groove" satisfying the claim language of the '871 Patent under any construction consistent with the specification. The specifications of the '871 Patent and its patent family do not use the phrase "channel or groove," do not disclose a "channel or groove," and do not enable a person of ordinary skill in the art to distinguish which structures are "channels or grooves" from those that are not. To the extent Defendant asserts a construction of "channel or groove" broad enough to encompass the One-Handle Products' single central channel, that construction is unsupported by the specification and renders the term invalid as further set forth in Counts 3 through 6.

37.     The One-Handle Products are conceptually unrelated to what is disclosed and claimed in the '871 Patent and its patent family, and as such, are missing multiple elements from the claims of the '871 Patent. Further, many of these missing elements lack support in the written

10

description of any application in the '871 patent family, and cannot be given a construction consistent with the specification that would read on the One-Handle Products.

38.     The doctrine of equivalents cannot rescue Defendant's infringement contentions. The differences between the One-Handle Products (single unitary sliding pad, flat multi-suction-foot base, user seated or kneeling on the board) and the claimed apparatus (dual left/right independent components, convex/rocking base, prone plank posture with forearms on pads) are substantial in structure, way of operation, and result, and correspond to elements added or narrowed by Defendant during prosecution and thus surrendered under prosecution history estoppel.

39.     Plaintiff is entitled to a declaration that the One-Handle Products, and every ASIN corresponding to those product designs do not infringe, and have not infringed, any valid claim of the '871 Patent, literally or under the doctrine of equivalents.

## COUNT 2
### Declaratory Judgment of Non-Infringement of the '871 Patent
### *(The Two-Handle Product)*

40.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

41.     An actual case or controversy exists between Plaintiff and Defendant regarding whether Plaintiff's Two-Handle Product infringes any claim of the '871 Patent.

42.     An element-by-element analysis has been performed against each of the thirteen independent claims of the '871 Patent (claims 1, 8, 19, 30, 37, 52, 65, 89, 98, 115, 118, 145, and 156). That analysis establishes that the Two-Handle Product lacks at least one required limitation of each independent claim, and therefore does not infringe, either literally or under the doctrine of equivalents, any independent claim of the '871 Patent or any claim dependent from any such

independent claim. The following are examples of claim elements not found in Plaintiff's Two-Handle Product. These non-infringement explanations are not intended to be exhaustive or limiting.

43.    **Claim 1.** Claim 1 requires, among other things, a weight-bearing element having a curved or contoured surface symmetrically disposed about a pivot axis that allows the frame to undergo rotational or tilting movement relative to the ground. The Two-Handle Product has, instead, a solid, flat, rectangular bottom surface held motionless against the ground by fixed non-skid pads at the front and back, left and right edges a static base incapable of pivoting or tilting. The Two-Handle Product does not satisfy the weight-bearing pivot-axis element of claim 1.

44.    **Claim 8**. Claim 8 requires (i) a handle with left and right elongated sides extending rigidly and symmetrically from an apex, arch, or other central span, (ii) a rigid linear support member coupled to those elongated sides at or near their opposite ends, and (iii) a component having a convex curved, continuously arced ground-engaging portion. The Two-Handle Product has two physically disconnected handles with no arch, span, or cross-member joining them, no rigid linear support member of the type recited, and a flat-bottomed base contacting the ground only through discrete flat non-skid pads. The Two-Handle Product therefore does not satisfy multiple limitations of claim 8.

45.    **Claim 19**. Claim 19 requires elongated grip portions extending upward to form an upward-angled path, an arm-support-pad element configured for forearm contact in a prone use posture, and a component with an exterior curved surface arranged as recited. The Two-Handle Product does not contain the required elongated angled grip geometry, does not contain the recited forearm-supporting pad in the recited spatial relationship, and does not have the required curved external surface. The Two-Handle Product does not satisfy multiple limitations of claim 19.

12

46.    **Claim 30**. Claim 30 requires a left support arm and a right support arm, together with one or more rounded elements each with a curved surface arranged in the specific combination on which the USPTO relied in issuing the '871 Patent. The Two-Handle Product does not have left or right support arms of the recited construction and does not have the required rounded-element combination with a curved surface. The Two-Handle Product therefore does not satisfy the essential architecture of claim 30 the same architecture the examiner identified as the basis for allowance.

47.    **Claim 37**. Claim 37 requires a frame architecture that rigidly spaces the claimed elongated arms substantially parallel to or in a defined relationship, and further requires a plurality of ground-contact points with the ground-engaging having a convex curved portion that is positioned lower than the frame. The Two-Handle Product does not have a frame that rigidly spaces the claimed elongated arms as required, and does not have the recited plurality of ground-contact points with a convex curved portion positioned lower than the frame. The Two-Handle Product ground-contact points are in a flat plane. The Two-Handle Product therefore does not satisfy multiple limitations of claim 37.

48.    **Claim 52**. Claim 52 requires a plurality of points at which the apparatus engages the ground on a component having an exterior surface with a convex curved portion. The Two-Handle Product ground contact points are flat and do not have convex curved portion as required by claim 52. The Two-Handle Product therefore does not satisfy claim 52.

49.    **Claim 65**. Claim 65 requires at least one elongated arm and a pair of connected handles or grip portions in the specific configuration recited. The Two-Handle Product does not have an elongated arm of the type claimed, and does not have a connected pair of grip portions. Its

two hand grips are physically disconnected carriages sliding independently. The Two-Handle Product therefore does not satisfy claim 65.

50. **Claim 89**. Claim 89 requires the left handle or grip portion and right handle or grip portion to be fixed at a cavity or opening integrally formed in the support structure so as to permit the simultaneous grip geometry recited. The Two-Handle Product's two independent hand-grip portions are not fixed in the support structure and do not satisfy the accompanying framework elements of claim 89. The Two-Handle Product therefore does not satisfy claim 89.

51. **Claim 98**. Claim 98 requires a rigid support surface defined by a left and right portion divided by a centerline. The Two-Handle Product does not have a left portion and a right portion support surface on opposite sides of a centerline as required. The Two-Handle Product therefore does not satisfy claim 98.

52. **Claim 115**. Claim 115 requires an elongated arm and a pair of handles or grip portions of the type described in the claim. The Two-Handle Product does not have an elongated arm of the recited construction and does not have the recited pair of handles or grip portions. The Two-Handle Product therefore does not satisfy claim 115.

53. **Claim 118**. Claim 118 recites a distinct combination of frame, grip, and base features and requires inter alia that the left or right portions of the arm pad base extends beyond the front and the rear of the base, and also requires coplanar points of contact on the ground surface with at least on such point on a plane that intersects at least one arm pad on the same side of the centerline. The Two-Handle Product does not include these recited structures. The Two-Handle Product therefore does not satisfy claim 118.

54.    **Claim 145**. Claim 145 requires, among other limitations, a rigid support surface comprising symmetrical left and right portions. The Two-Handle Product does not have the required structure. The Two-Handle Product therefore does not satisfy claim 145.

55.    **Claim 156**. Claim 156 recites handles or grip portions set apart by a vertical centerline plane. The Two-Handle Product does not have the required structure as the product features a horizontal plane that does not separate the handles.

56.    In addition to the claim-specific deficiencies above, the Two-Handle Product also fails the user-position limitations that pervade every independent claim of the '871 Patent. In actual use, the Two-Handle Product is used with the user seated or kneeling on the board itself, with the user's knees, shins, or feet resting on the frame. The user does not adopt the prone plank posture with forearms on left and right pads and knees or feet located behind the rearmost edge of the frame, as required by the claims and taught by the specification.

57.    The doctrine of equivalents cannot rescue Defendant's infringement contentions with respect to the Two-Handle Product. The differences between the Two-Handle Product (two independently sliding grip carriages on a static, flat, non-skid-padded rectangular base used from a seated or kneeling posture) and the claimed apparatus (dual left/right forearm pads connected by a rigid linear support member on a convex rocking base used from a prone plank posture with knees behind the frame) are substantial in structure, way of operation, and result, and correspond to elements added or narrowed by Defendant during the '871 Patent's prosecution. Prosecution history estoppel bars any recapture of those elements under the doctrine of equivalents.

58.    Plaintiff is entitled to a declaration that the Two-Handle Product, sold under ASIN B0G1GC5D2M (and the related ASINs B0G1GH8NCV and B0G1F72N3T sharing the two-

15

independently-sliding-handle design), does not infringe, and has not infringed, any claim of the '871 Patent, literally or under the doctrine of equivalents.

## COUNT 3

### Declaratory Judgment of Invalidity of the '871 Patent
*(Anticipation and Obviousness Under 35 U.S.C. §§ 102 and 103)*

59.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

60.     An actual case or controversy exists between Plaintiff and Defendant regarding the validity of the claims of the '871 Patent under 35 U.S.C. §§ 102 and 103.

61.     The claims of the '871 Patent are invalid as anticipated under 35 U.S.C. § 102, and as obvious under 35 U.S.C. § 103, in view of prior art that predates the earliest available priority date of the '871 Patent (February 25, 2014) and that was not considered by the USPTO during prosecution.

62.     U.S. Patent No. 5,224,909 to Hamilton ("Hamilton"), entitled "Mid-body exercise device" and issued in 1993, discloses an abdominal-core exercise apparatus with each of the structural elements recited in claim 156 of the '871 Patent, including a base, a sliding member, hand-grip structure, and a linear path of travel. Hamilton was not cited to or considered by the USPTO during prosecution of the '871 Patent. Hamilton alone anticipates claim 156 and each dependent claim that adds no non-obvious limitation over Hamilton.

63.     Chinese Utility Model CN 201108700 Y (published 2008) discloses a foldable abdominal-exercise board with sliding hand-grip structure and a substantially linear path of travel, including elements that alone or in combination with Hamilton anticipate or render obvious multiple independent and dependent claims of the '871 Patent.

16

64.    U.S. Patent No. 7,645,218 to Potok (issued 2010) discloses a plank-position abdominal-exercise device with elements corresponding to the "elongated bent arms," pad, and sliding architecture recited in claims 65, 89, and 115 of the '871 Patent, and alone or in combination with the other prior art identified herein renders those claims obvious.

65.    U.S. Patent Application Publication No. 2012/0108405 to Pride (published 2012) discloses a slidable abdominal-exercise apparatus, including a base, sliding pads, and grip structure, that alone or in combination with Hamilton and Potok renders obvious multiple independent claims of the '871 Patent.

66.    U.S. Patent No. 9,592,419 to Cuffe (priority date December 24, 2013) discloses an abdominal-exercise apparatus with dual sliding pads on a base, and alone or in combination with the other prior art identified herein renders obvious multiple independent claims of the '871 Patent, including in combination with the "channel or groove" and "linear, flat path of travel" limitations recited in the '871 Patent claims but absent from its written description.

67.    U.S. Patent Application Publication No. 2015/0065311 (Fitcrawl) discloses an abdominal-exercise sliding device with grip-and-pad architecture and, alone or in combination with Hamilton, Potok, Pride, Cuffe, and CN 201108700 Y, renders obvious the independent claims of the '871 Patent, including claims 65, 89, and 115.

68.    Each of the prior-art references identified in this Count 3 was either not cited during the prosecution of the '871 Patent or, if cited, was not applied against the claims in the specific combinations that render those claims invalid. A person of ordinary skill in the art at the time of the earliest available priority date of the '871 Patent would have been motivated to combine the elements disclosed in those references with a reasonable expectation of success to arrive at the subject matter recited in the challenged claims.

69.     Plaintiff is entitled to a declaration that the claims of the '871 Patent, including each of independent claims 1, 8, 19, 30, 37, 52, 65, 89, 98, 115, 118, 145, and 156 and each dependent claim thereof, are invalid under 35 U.S.C. §§ 102 and 103.

## COUNT 4

### Declaratory Judgment of Invalidity of the '871 Patent
*(Lack of Written Description Under 35 U.S.C. § 112(a))*

70.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

71.     An actual case or controversy exists between Plaintiff and Defendant regarding the validity of the claims of the '871 Patent under 35 U.S.C. § 112(a) for lack of written description.

72.     Section 112(a) requires that the specification contain a written description of the invention sufficient to demonstrate that the inventor was in possession of the claimed subject matter at the time of filing.

73.     The specifications of the '871 Patent and each of its predecessors in the priority family including the '573 Patent, the '092 CIP, the '245 continuation, and the '364 CIP do not describe the subject matter of numerous claims of the '871 Patent. In particular:

(a) The phrase "channel or groove" appears at least twenty-nine times in the claims of the '871 Patent, but appears zero times in the written description of the '871 Patent and zero times in the written descriptions of the '573 Patent, the '092 CIP, the '245 continuation, or the '364 CIP.

(b) The phrase "linear, flat path of travel," which appears in multiple claims of the '871 Patent, likewise appears nowhere in the written description of the '871 Patent or in any predecessor application in the priority family.

18

(c) The phrase "constant height," which appears in multiple claims of the '871 Patent, similarly appears nowhere in the written description of the '871 Patent or in any predecessor application.

(d) Claim 156 recites, in relevant part, a "constant lateral spacing" between components during use. The specifications of the '871 Patent and its predecessors instead teach and disclose the opposite, including variable spacing, angled legs, radial adjustment, and divergence of components during use.

74. The specifications of the '871 Patent and its priority family instead describe a specific device architecture consisting of left and right independent components, a convex or curved rocking base, and use by a person in a prone plank posture with forearms on left and right pads and knees or feet behind the rearmost edge of the frame. That architecture is fundamentally different from the flat, unitary, non-rocking sliding-carriage devices that the '871 Patent claims are drafted to reach.

75. A person of ordinary skill in the art reading the specifications of the '871 Patent and its priority family would not conclude that Defendant was in possession, as of any priority date available to the '871 Patent, of a device having a "channel or groove," a "linear, flat path of travel," a "constant height," or a "constant lateral spacing" as recited in the '871 Patent claims.

76. The '871 Patent claims therefore lack the required written-description support in the specification of the '871 Patent and its priority family.

77. To the extent Defendant contends that the '871 Patent claims are entitled to a priority date earlier than the October 7, 2022, filing date of the application that issued as the '871 Patent, that contention fails under the written-description requirement, and the challenged claims are not entitled to any priority date earlier than October 7, 2022.

78. Because the written descriptions of each application in the '871 priority family fail to disclose the vocabulary and structural limitations that Defendant added to the '871 claims to reach competitor products, and because the changes to the claim vocabulary were made to capture competitors' devices rather than to capture the invention actually disclosed, the '871 Patent claims exceed the scope of the invention that Defendant actually invented and possessed.

79. For these reasons, each of the claims of the '871 Patent is invalid under 35 U.S.C. § 112(a) for lack of written description. Plaintiff is entitled to a declaration to that effect.

## COUNT 5

### Declaratory Judgment of Invalidity of the '871 Patent
*(Lack of Enablement Under 35 U.S.C. § 112(a))*

80. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

81. An actual case or controversy exists between Plaintiff and Defendant regarding the validity of the claims of the '871 Patent under 35 U.S.C. § 112(a) for lack of enablement.

82. Section 112(a) also requires that the specification enable a person of ordinary skill in the art to make and use the full scope of the claimed invention without undue experimentation.

83. The specifications of the '871 Patent and each application in its patent family teach and enable only a specific device architecture: left and right independent forearm pads on a convex or curved rocking base, used from a prone plank position with forearms on the pads and knees or feet behind the rearmost edge of the frame.

84. The '871 Patent claims, however, are drafted to encompass a broad genus of devices that are not disclosed in the specification.

85. The scope of the '871 Patent claims is disproportionately broad relative to the disclosure. The specifications do not teach a person of ordinary skill in the art how to make and

use those aspects of the claimed subject matter including single-pad, non-rocking, seated- or kneeling-use, and independent-grip-carriage embodiments without undue experimentation. The Wands factors, including (i) the quantity of experimentation necessary, (ii) the amount of direction or guidance provided, (iii) the presence or absence of working examples, (iv) the nature of the invention, (v) the state of the prior art, (vi) the relative skill of those in the art, (vii) the predictability or unpredictability of the art, and (viii) the breadth of the claims, all confirm that the '871 Patent is not enabled across the full breadth of its claims.

86.    The specifications provide no working example, no algorithm, and no meaningful guidance for practicing embodiments outside the specific rocking-base, dual-forearm-pad, prone-plank architecture repeatedly and exclusively described.

87.    The gap between the disclosed embodiments and the scope of the claims is not one of mere routine implementation. It is a gap that requires new device designs and new use positions not taught or contemplated by the specifications, as evidenced by the introduction of terms such as "channel or groove," "linear, flat path of travel," "constant height," and "constant lateral spacing" terms that do not appear anywhere in the family specifications.

88.    The '871 Patent claims accordingly capture a genus that the specification does not enable.

89.    The broad functional and structural language in the '871 Patent claims including references to sliding assemblies operating on any base without regard to base curvature; grip assemblies operating in any manner without regard to bent-arm geometry; and channels or grooves used generically to describe any linear path was chosen by Defendant to capture competitor products rather than to describe how to practice the disclosed invention. That mismatch between claim scope and enabling disclosure is a paradigmatic enablement failure.

21

90.    Even accepting the specifications as adequate to enable the specific rocking-base, dual-forearm-pad, prone-plank embodiments, no reasonable amount of experimentation would allow a person of ordinary skill in the art to make and use the wider range of embodiments encompassed by the '871 Patent claims as issued.

91.    For these reasons, each of the claims of the '871 Patent is invalid under 35 U.S.C. § 112(a) for lack of enablement, and Plaintiff is entitled to a declaration to that effect.

## COUNT 6

### Declaratory Judgment of Invalidity of the '871 Patent
### *(Indefiniteness Under 35 U.S.C. § 112(b))*

92.    Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth herein.

93.    An actual case or controversy exists between Plaintiff and Defendant regarding the validity of the claims of the '871 Patent under 35 U.S.C. § 112(b).

94.    Section 112(b) requires that the claims of a patent "particularly point out and distinctly claim the subject matter which the inventor . . . regards as the invention." A claim is invalid as indefinite when, viewed in light of the specification and prosecution history, it fails to inform those skilled in the art about the scope of the invention with reasonable certainty. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898 (2014).

95.    The claims of the '871 Patent are indefinite for at least the following reasons.

96.    First, the term "channel or groove" which appears at least twenty-nine times in the '871 Patent claims is not defined, illustrated, or explained anywhere in the specification of the '871 Patent or any predecessor application. A person of ordinary skill in the art has no reasonable basis in the intrinsic record to determine whether a given feature of an accused device qualifies as a "channel or groove" or as some other structure.

22

97.    Second, the term "linear, flat path of travel" is not defined or illustrated in the specification. The specification variously depicts curved, arcuate, angled, and rocking paths of motion. The term "linear, flat" is not reconciled with those disclosures, and a person of ordinary skill in the art cannot determine which paths of travel are "linear, flat" for purposes of the claims.

98.    Third, the term "constant height" is not defined or illustrated in the specification. The disclosed embodiments include features such as legs of variable length, radially adjustable components, and rocking bases that inherently vary in height during use. The term "constant height" is thus inconsistent with the specification and does not inform a person of ordinary skill of its scope with reasonable certainty.

99.    Fourth, claim 156 recites a "constant lateral spacing." The specification describes variable spacing, angled legs, radial adjustment, and divergence of components. Because the intrinsic record teaches the opposite of a "constant lateral spacing," a skilled artisan cannot determine, with reasonable certainty, the meaning or scope of that limitation.

100.    Fifth, several of the '871 Patent claims mingle apparatus limitations with limitations directed to the manner in which the apparatus is used. See *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). A person of ordinary skill in the art cannot determine, at the moment of manufacture or sale, whether a particular product infringes those hybrid claims, because infringement turns on the manner in which an end user positions and moves the user's body while using the device.

101.    Sixth, the "user position" limitations recited or implied throughout the '871 Patent claims including the "prone plank" posture with "forearms on pads" and "knees or feet behind the rearmost edge of the frame" are described in the specification in general and inconsistent terms. A person of ordinary skill cannot determine with reasonable certainty how far a user's body must

extend behind the frame, at what forearm angle, or with what degree of knee bend, for a device to fall within, or outside, the scope of the claims.

102.   Seventh, terms of degree used throughout the '871 Patent claims including "substantially," "generally," and "elongated" are used without objective baselines or benchmarks in the specification. See *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014).

103.   For these reasons, the claims of the '871 Patent fail to inform a person of ordinary skill in the art about the scope of the alleged invention with reasonable certainty, and each such claim is invalid under 35 U.S.C. § 112(b). Plaintiff is entitled to a declaration to that effect.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guangzhou Langzhu Crafts Co., Ltd. respectfully prays for judgment against Defendant Michael H. Domesick, doing business as ABMILL®, as follows:

A.   A declaration that Plaintiff's One-Handle Products do not infringe, and have not infringed, any valid claim of the '871 Patent, either literally or under the doctrine of equivalents;

B.   A declaration that Plaintiff's Two-Handle Product does not infringe, and has not infringed, any valid claim of the '871 Patent, either literally or under the doctrine of equivalents;

C.   A declaration that each of the claims of the '871 Patent is invalid under 35 U.S.C. §§ 102, 103, and 112;

D.   A permanent injunction restraining Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with them, from further asserting the '871 Patent against Plaintiff's Accused Products, including through Amazon's Patent Evaluation Express program, direct takedown notices, or communications to Amazon or other marketplaces regarding infringement of the '871 Patent by Plaintiff's Accused Products;

E.   An order requiring Defendant to withdraw all pending Amazon Patent Evaluation Express submissions, takedown notices, and equivalent communications directed to Plaintiff's

Accused Products, and to cooperate in the reinstatement of Plaintiff's previously delisted or restricted ASINs;

F. A declaration that this is an exceptional case under 35 U.S.C. § 285, together with an award of Plaintiff's reasonable attorneys' fees;

G. An award of costs of court and pre- and post-judgment interest to the maximum extent permitted by law; and

H. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of August 2026.

By */s/ Tatyana Volshuchuk*
Tatyana Voloshchuk – ct28035
tvoloshchuk@harrisbeachmurtha.com

Harris Beach Murtha Cullina PLLC
107 Elm Street, Four Stamford Plaza, 11th Floor
Stamford, Connecticut 06902
Telephone: 203.653.5400
Facsimile: 203.653.5444

Anthony J. Biller (*pro hac vice applicant*)
NC State Bar No. 24,117
PO Box 30099
Raleigh, NC 27622
Telephone: (919) 268.8998
Facsimile: (984) 212.5164
Email: ajbiller@envisage.law

*Counsel for Plaintiff*
*Guangzhou Langzhu Crafts Co., Ltd.*